# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | |
| ) | **JUDGE RICHARD L. SPEER** |
| Gary Allen Kohlhorst ) | |
| ) | Case No. 08-3021 |
| Debtor(s) ) | |
| ) | (Related Case: 06-32843) |
| Bruce C. French, Trustee ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| Gary Allen Kohlhorst ) | |
| ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

This cause comes before the Court on the Motion of Defendant/Debtor to Dismiss the Trustee's Complaint and Memorandum in Support. The Trustee submitted a Memorandum in Opposition to the Debtor's Motion to Dismiss, after which time the Court held a Hearing on the matter. At the conclusion of the Hearing, the Court took the matter under advisement. After reviewing the arguments of the Parties, the Court finds, for the reasons herein explained, that the Debtor's Motion to Dismiss should be GRANTED.

Bruce French, Trustee v. Gary Kohlhorst
Case No. 08-3021

## BACKGROUND

On October 10, 2007, Gary Allen Kohlhorst ("Defendant") filed a voluntary petition under Chapter 7. On November 29, 2007, the Trustee filed a 'No Asset Report.' Discharge was entered on February 2, 2007, and the case was closed by the Court on February 5, 2007.

On June 19, 2007, the case was reopened to allow the Trustee a further opportunity to investigate potential assets. The further investigation did not result in the discovery of any additional assets, and the Trustee again filed a 'No Asset Report' on August 7, 2007. On October 23, 2007, the Trustee discovered that the Defendant had an interest in proceeds totaling $20,835. In response, he withdrew the second 'No Asset Report' on October 25, 2007. The Trustee, however, was ultimately unable to recover any of the funds.

The Trustee filed the instant adversary proceeding to Revoke Discharge pursuant to 11 U.S.C. § 727(d)(2) on February 6, 2008, one year and one day after the Defendant's case was originally closed.

## DISCUSSION

Before this Court is the Plaintiff's Complaint to Revoke Discharge pursuant to 11 U.S.C. § 727(d)(2). A proceeding brought objecting to a discharge is a "core proceeding" pursuant to 11 U.S.C. § 157(b)(2)(J). Thus, this Court has the jurisdictional authority to enter a final order in this matter.

The instant matter comes before the court on the Defendant's Motion to Dismiss the Trustee's Complaint. Although not citing to a specific rule, given the tenor of the Defendant's arguments in its motion this Court will assume that it is being brought under FED.R.CIV.P. 12(b)(6)

Page 2

Bruce French, Trustee v. Gary Kohlhorst
Case No. 08-3021

(made applicable to this proceeding by FED.R.BANKR.P. 7012), for failure to state a claim. A motion to dismiss for failure to state a claim will be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support for his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed. 80 (1957). In determining the motion, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all factual allegations in the complaint as true. *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993).

The Trustee in this case seeks a revocation of the Defendant's discharge pursuant to § 727(d)(2). The section states:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–
>
> > (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee[.]

The overall approach to this provision is well established. Because revocation of discharge is an extraordinary remedy, § 727(d) is to be construed liberally in the debtor's favor, and strictly construed against the proponent of revocation. *Buckeye Retirement Co. v. Heil (In re Heil)*, 289 B.R. 897, 903 (Bankr. E.D.Tenn. 2003). Further, a "discharge order should be imbued with a high degree of finality." *Dahar v. Bevis (In re Bevis)*, 242 B.R. 805, 810 (Bankr. D.N.H. 1999); *Buckstop Lure Co. v. Trost (In re Trost)*, 164 B.R. 740, 744 (Bankr. W.D.Mich. 1994). Accordingly, a bankruptcy court will not lightly revoke a debtor's discharge.

Page 3

**Bruce French, Trustee v. Gary Kohlhorst**
**Case No. 08-3021**

For his Motion to Dismiss, the Defendant's primary argument is that the Trustee filed his Complaint under § 727(d)(2) outside the time limit set by § 727(e)(2). Section 727(e)(2) states:

> (e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge–
>
> > (2) under subsection (d)(2) or (d)(3) of this section before the later of–
> >
> > > (A) one year after the granting of such discharge; and
> > >
> > > (B) the date the case is closed.

In sum, § 727(d) and (e) require that for a court to revoke a debtor's discharge for fraudulent activity, an action must be brought within one year from the later of the closing of the case or the granting of the discharge. This time requirement is "not a mere statute of limitations, but an essential prerequisite to the proceeding." 4 L. King, Collier on Bankruptcy, ¶ 727.16 (15th ed. rev. 2003).

The Defendant argues, and the Trustee does not dispute, that the Trustee's Complaint pursuant to § 727(d)(2) was not filed within the one year limit set by § 727(e)(2). Rather, the claim was filed one day after the one year period expired. Therefore, the Trustee's revocation claim is, on its face, time-barred.

The Trustee, however, argues that the time limit should not strictly apply to this case for three reasons. First, he argues that the doctrine of equitable tolling should be applied to the time limit in § 727(e)(2); second, he puts forth that the reopening of the Defendant's case tolled the time limit to the date it was reopened; and third, it is the Trustee's position that the Defendant's case was never properly closed due to the Defendant's failure to disclose an asset. These matters are issues of first impression in this Court.

Page 4

Bruce French, Trustee v. Gary Kohlhorst
Case No. 08-3021

I. EQUITABLE TOLLING

    The Trustee's first argument against a strict application of § 727(e)(2) is that the doctrine of equitable tolling, as reaffirmed by *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946), should apply to § 727(e)(2). The doctrine applies to every federal statute of limitations, and states that "[w]here a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence of care on his part, the bar of the statute does not begin to run until the fraud is discovered." *Id.* at 397, *citing Bailey v. Glover*, 21 Wall. 342, 88 U.S. 342, 22 L.Ed. 636 (1874).

    However, recent cases have indicated that a less expansive application of equitable tolling is appropriate in some cases. *In re Bevis*, 242 B.R. at 809; *Humphreys v. Stedham (In re Stedham)*, 327 B.R. 889, 901 n.12 (Bankr. E.D.Tenn. 2005). Broadly speaking, "[e]quitable tolling is not permissible where it is inconsistent with the text of the relevant statute." *United States v. Beggerly*, 524 U.S. 38, 48, 118 S.Ct. 1862, 141 L.Ed. 2d 32 (1998). More particularly, statutes of repose[1] are not subject to the principles of equitable tolling. *Lampf, Pleva, Lipkind, Prupis, & Petigrow v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991).

    With regard to the issue now before the Court, a substantial majority of courts have held that § 727(e)(2) is not a statute of limitations, but a statute of repose, therefore making equitable tolling

---

[1] A statute of repose "bar[s] any suit that is brought after a specified time since the defendant acted . . . even if this period ends before the plaintiff has suffered a resulting injury." BLACK'S LAW DICTIONARY 1451 (8th ed. 2004). A statute of limitation sets a time limit for bringing an action; a statute of repose sets a time period in which an event giving rise to a cause of action can occur.

Page 5

inapplicable to § 727(e)(2).[2] This is because, just as with all statutes of repose, the time limit in § 727(e)(2) is a substantive part of the cause of action. As explained by *Dahar v. Bevis (In re Bevis)*:

> [Section] 727(e)(2)'s time constraints are more akin to a statute of repose as opposed to a statute of limitations . . . [which] generally begins when a cause of action accrues, while a statute of repose generally fixes an outside time limit as to when a cause of action may accrue in the first place. . . .Section 727(e)(2)'s time limits hinge on when a debtor receives a discharge and when his or her case is closed, events that are unrelated to the fraud that underlies a § 727(d)(2) cause of action.

241 B.R. at 809-10. This Court agrees with the foregoing analysis. Such an explanation makes it apparent that § 727(e)(2) mirrors the very definition of a statute of repose, and thus cannot be considered a "mere statute of limitations." 4 L. King, Collier on Bankruptcy, ¶ 727.16. The importance of the distinction is, thus, clear: since § 727(e)(2) is a statute of repose, and statutes of repose are fundamentally inconsistent with equitable tolling, equitable tolling should not apply to § 727(e)(2).

In support of his contention that equitable tolling should apply to § 727(e)(2), the Trustee relies on two cases: *Dwyer v. Peebles (In re Peebles)*, 224 B.R. 519 (Bankr. D.Mass. 1998), which followed the holding in *McCaughey v. Succa (In re Succa)*, 125 B.R. 168 (Bankr. W.D.Texas 1991). Both courts read equitable tolling into § 727(e)(2). *In re Peebles*, 224 B.R. at 522; *In re Succa*, 125 B.R. at 174. The courts reached their decisions by analogizing the time limit in § 727(e) to the time

---

[2] *In re Stedham*, 327 B.R. 889 at 900-02. *See Hadlock v. Dolliver (In re Dolliver)*, 255 B.R. 251, 257 (Bankr. D.Me. 2000); *Dahar v. Bevis (In re Bevis)*, 242 B.R. 805, 810 (Bankr. D.N.H. 1999); *Apex Wholesale v. Blanchard (In re Blanchard)*, 241 B.R. 461, 464 (Bankr. S.D.Cal. 1999); *Davis v. Johnson (In re Johnson)*, 187 B.R. 984, 988 (Bankr. S.D.Cal. 1995); *Malloy v. Frank (In re Frank)*, 146 B.R. 851, 853 (Bankr. N.D.Okl. 1992). *See also Roost v. Reynolds (In re Reynolds)*, 189 B.R. 199, 203-04 (Bankr. D.Or. 1995) (holding that equitable tolling does not apply to the similar provision of § 727(e)(1)).

Bruce French, Trustee v. Gary Kohlhorst
Case No. 08-3021

limits in 11 U.S.C. § 546(a), regarding a trustee's avoiding powers, which were held to be subject to equitable tolling principles. *Peebles*, 224 B.R. at 522; *Succa*, 125 B.R. at 172.

This reasoning is apparently unique among cases considering this issue and has been roundly criticized by subsequent cases. *In re Bevis*, 242 B.R. at 810; *In re Blanchard*, 241 B.R. at 464-65; *In re Fresquez*, 167 B.R. at 975; *In re Dolliver*, 255 B.R. at 254-55. Additionally, the courts in *In re Peebles* and *In re Succa* did not discuss the effect of equitable tolling on a statute of repose, as compared to its effect on a statute of limitations. Indeed, they did not recognize § 727(e)(2) as a statute of repose at all, but rather as a statute of limitations. *In re Peebles*, 224 B.R. at 521-23; *In re Succa*, 125 B.R. at 171-73. But, having concluded that § 727(e) is most like a statute of repose as illustrated by the discussion in *In re Bevis*, and that a statute of repose is inconsistent with equitable tolling, this Court declines to apply the holdings of *In re Peebles* and *In re Succa* to the instant case. As such, it is the holding of this Court that it would be inappropriate to read the doctrine of equitable tolling into § 727(e)(2).

## II. CASE REOPENED OR IMPROPERLY CLOSED

For his second contention, that the reopening of the Debtor's case tolled the one year period of § 727(e)(2), thus making his Complaint for Revocation of Discharge timely, the Trustee relies on *Davis v. Johnson (In re Johnson)*, 187 B.R. 984 (Bankr. S.D.Cal. 1995). In *In re Johnson*, the court held that when "the case is reopened within the one year, the one year should be tolled" from the date of reopening. *Id.* at 989. For his third contention, that his Complaint was timely because the Defendant's case was never properly closed, thereby suspending the commencement of § 727(e)(2)'s one year period, the Trustee again relies on *In re Peebles*. The court in *In re Peebles* held that assets undisclosed and unadministered at the time of the closing of the case prevented the case from being "validly closed." *In re Peebles*, 224 B.R. at 521. As the discussion below will show, these two issues are essentially subject to the same rule; therefore, this Court will address them together.

Page 7

Bruce French, Trustee v. Gary Kohlhorst
Case No. 08-3021

Recent cases reflect a general consensus that the reasoning and holdings of *In re Johnson* and *In re Peebles*, as far as they concern tolling the time periods in § 727(e)(2), are unsound. *In re Stedham*, 327 B.R. at 903; *In re Fresquez*, 167 B.R. at 976. The unsoundness of *In re Johnson* and *In re Peebles* was summed up in *In re Bevis* by this statement: "under the Peebles approach, if a debtor fails to schedule an asset, the case can never properly be closed, thereby rendering any future § 727(d)(2) action timely ad infinitum." 242 B.R. at 812.[3] The same could also be said to apply to *In re Johnson*; a trustee who suspected wrongdoing could simply reopen a case a few days before the one year period expired so as to extend the period of repose, and do so each year indefinitely. Accordingly, this Court agrees with the more recent decision which hold that "the reopening of the case has no effect on the relevant § 727 deadlines," *In re Stedham*, 327 B.R. at 903, and that the pertinent date for computing the one year period of § 727(e)(2) is the date the case was originally closed.

In addition to the above legal arguments, the Trustee also makes a policy argument against a strict application of § 727(e)(2), namely that the policy of limiting the availability of discharge to honest debtors would be served by an application of equitable tolling to § 727(e)(2). This is a valid point, as this Court is loathe to allow a dishonest and undeserving debtor to receive a discharge. Yet, just as there are policy considerations in favor of tolling the time limit of § 727(e)(2), there are policy considerations weighing against an application of equitable tolling to § 727(e)(2).

Bankruptcy courts were intended to provide for the efficient and expeditious administration of bankruptcy estates and "all matters connected with . . . bankruptcy estate[s]." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403, *quoting Pacor, Inc. v. Higgins*, 743

---

[3] The discussions and holdings of most courts addressing this issue reflect agreement with *In re Bevis*. See *In re Stedham*, 327 B.R. at 903; *In re Dolliver*, 255 B.R. at 254-255; *In re Blanchard*, 241 B.R. at 466. *In re Boyd*, 243 B.R. at 764.

Page 8

Bruce French, Trustee v. Gary Kohlhorst
Case No. 08-3021

F.2d 984, 994 (3rd Cir. 1984) (internal quotations omitted). If courts were to apply equitable tolling to the time limits set out in § 727(e)(2), discharge orders could be subject to legal challenge for many years after their entry. *In re Bevis*, 242 B.R. at 810. How can any measure of efficiency or finality be accorded to a discharge order if a § 727(d)(2) action can be brought any time subsequent to the order because some undisclosed asset is later discovered?

Further, allowing an improper closure exception to § 727(e)(2) would create an inherent uncertainty. As the court in *In re Dolliver* noted:

> The In re Peebles rule would defy certain application. Would there be a de minimis exception? Would it matter if the unscheduled/concealed asset were a compact disc, as opposed to a compact car? A bag of potting soil, as opposed to an acre of land? ... Such questions ... would work havoc on a statutory scheme that otherwise provides certainty and finality to the bankruptcy process.

255 B.R. at 254-255.

Based on this, this Court agrees that an application of the Trustee's interpretation of § 727(e)(2) would defy certainty and finality, thereby rendering its time limit essentially nonexistent. Accordingly, this Court holds in this matter that the pertinent date for the purpose of computing time periods under § 727(e)(2) is the date the case is originally closed or discharge is originally granted, regardless of whether the case was "improperly" closed due to the debtor's failure to schedule an asset, and that any subsequent reopening of the case will not toll the period.

For the reasons heretofore explained, the Court is persuaded that the Defendant's Motion to Dismiss has merit. Therefore, Defendant's motion shall be granted.

Page 9

Bruce French, Trustee v. Gary Kohlhorst
Case No. 08-3021

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Defendant's Motion to Dismiss, be, and is hereby, GRANTED.

***IT IS FURTHER ORDERED*** that the Plaintiff's Complaint for Revocation of Discharge, be, and hereby is, DISMISSED.

Dated: July 28, 2008

_____
Richard L. Speer
United States
Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 28th day of July 2008 to:

Bruce C French (Trustee)
PO Box 839
Lima, OH 45802-0839

Gary Allen Kohlhorst
2978 Coon Rd.
Lima, OH 45807

Randy Lee Reeves
973 W North St
Lima, OH 45805


          /s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court